UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD L. COLEMAN,

                Petitioner,

   -against-                                    9:11-CV-1520 (LEK)

SUPERINTENDENT,

                Respondent.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Currently before the Court is Petitioner Richard L. Coleman's ("Petitioner") Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 20 ("Amended Petition"). Petitioner challenges his 2009 judgment of conviction for first degree robbery and other related charges, arguing that: (1) his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) counsel was ineffective for failing to advise petitioner to plead guilty prior to trial and for failing to investigate whether Petitioner could be sentenced as a persistent felony offender. See Am. Pet. 5-6 (Grounds One, Two and Four). Respondent opposes the Amended Petition, and Petitioner has filed a Traverse. Dkt. Nos. 10-1 ("Memorandum"); 21 ("Supplemental Memorandum"); 13 ("Traverse"). For the following reasons, the Amended Petition is denied and dismissed.

**II.    BACKGROUND**

On December 15, 2000, a Cayuga County grand jury returned an indictment charging Petitioner with first degree robbery, first degree burglary, second degree burglary, third degree possession of a weapon, third degree grand larceny, and resisting arrest. Dkt. No. 11-1, Ex. A at 10.

On March 30, 2001, Petitioner pleaded guilty to first degree burglary, resisting arrest, and third degree grand larceny in satisfaction of the indictment. See Dkt. No. 11-4, Ex. D at 3. On May 17, 2001, he was sentenced as a second felony offender to serve an aggregate concurrent determinate term of 18 years in prison. Id. The Appellate Division affirmed, and the New York Court of Appeals denied leave to appeal. See People v. Coleman, 786 N.Y.S.2d 752 (App. Div. 2004), lv. denied 4 N.Y.3d 829 (Ct. App. 2005).

In January 2008, the Cayuga County Court granted Petitioner's motion to vacate his conviction on the ground that the plea was not knowing and voluntary because Petitioner was not advised prior to its entry that he would be subject to a period of post-release supervision. See People v. Coleman, 878 N.Y.S.2d 527 (App. Div. 2009). The state unsuccessfully moved for reconsideration of the court's order. See Dkt. No. 12-2 at 308-25.[1] On April 24, 2009, the Appellate Division affirmed the Cayuga County Court's decision vacating Petitioner's conviction. See People v. Coleman, 878 N.Y.S.2d 527 (App. Div. 2009).

The Cayuga County Court held hearings to determine how to proceed on the re-opened indictment; Petitioner refused to re-enter his guilty plea. See Dkt. No. 12-1 at 2-3, 6-9.[2] Petitioner ultimately rejected every plea offer and decided to go to trial. See Dkt. No. 12-2 at 291-97, 306-25, 339-62.

A jury trial was held from May 26 to May 29, 2009; Petitioner was convicted of all counts of the indictment. Id. at 283-85. A persistent felony offender hearing was held on October 15, 2009, and at the close of proof, the court reserved its decision. Id. at 365-441. At sentencing on

---

[1] The pagination corresponds to the page numbers assigned by ECF.

[2] The pagination corresponds to the page numbers assigned by ECF.

November 12, 2009, the trial court adjudicated Petitioner a persistent felony offender and sentenced him to serve concurrent, indeterminate terms of eighteen years to life for each felony, and a concurrent one-year term for resisting arrest. Id. at 443-65.

On March 11, 2011, the Appellate Division reversed Petitioner's conviction for second degree burglary, dismissed that charge, and affirmed Petitioner's convictions as modified. People v. Coleman, 919 N.Y.S.2d 651 (App. Div. 2011). The New York Court of Appeals denied leave to appeal on June 16, 2011. People v Coleman, 952 N.E.2d 1096 (N.Y. 2011). This action followed.

### III.   STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if that adjudication: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing 28 U.S.C. §§ 2254(d)(1), (2)); Acosta v. Artuz, 575 F.3d 177, 184 (2d Cir. 2009); Hawkins v. Costello, 460 F.3d 238, 242-43 (2d Cir. 2006).

A state court decision violates the "contrary to" clause of § 2254(d)(1) when it "reaches a result opposite to the one reached by the Supreme Court on the same question of law or arrives at a result opposite to the one reached by the Supreme Court on a 'materially indistinguishable' set of facts." Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A federal habeas court may grant the writ under the "unreasonable application" clause only when the state court decision "identifies the correct rule of law but applies that principle

to the facts of the Petitioner's case in an unreasonable way." Earley, 451 F.3d at 74 (citing Williams, 529 U.S. at 413). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro, 550 U.S. at 473. AEDPA also requires federal habeas courts "to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Id. at 473-74 (citing § 2254(e)(1)).

## IV.   DISCUSSION

### A. New York's Persistent Felony Offender Statute

Petitioner claims in Ground One of his Amended Petition that New York's persistent felony offender statute, N.Y. Penal Law § 70.10, violates the rule set forth in Apprendi and clarified in Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. 296 (2004), that any fact, other than prior felony convictions, which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Am. Pet. at 5; Traverse, at 6. Petitioner therefore argues that his sentence pursuant to the persistent offender statute violated his rights to due process and to a jury trial. See id. The Appellate Division rejected this claim. Coleman, 82 A.D.3d at 1594.

That rejection was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The Second Circuit has repeatedly held that the statute's sentencing scheme does not violate clearly established Supreme Court precedent because it involves only the criminal-history judicial fact-finding permitted by Apprendi and its progeny. See West v. Breslin, 410 F. App'x 393, 394-95 (2d Cir. 2011) ("New York's persistent felony offender statute d[oes] not violate clearly established federal law as determined by the U.S. Supreme Court."); Portalatin v.

Graham, 624 F.3d 69 (2d Cir. 2010); Brown v. Miller, 451 F.3d 54, 55 (2d Cir. 2006); Brown v. Greiner, 409 F.3d 523, 534-35 (2d Cir. 2005).  Accordingly, Petitioner is not entitled to relief, and Ground One of the Amended Petition is denied and dismissed.

   **B. Ineffective Assistance of Counsel**

   *1. Legal Standard*

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance fell below an objective standard of professional reasonableness; and (2) prejudice, i.e., but for counsel's alleged errors, the result of the proceedings would have been different.  Premo v. Moore,, 131 S. Ct. 733, 739 (2011); Strickland v. Washington, 466 U.S. 668, 694 (1984).  A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Even if a petitioner can establish that counsel was deficient, she must still show that she suffered prejudice.  Id. at 693-94.

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult."  Premo, 131 S. Ct. at 739-40 (citations and internal quotation marks omitted).  When reviewing a state court's decision under § 2254, "[t]he question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks and citation omitted).  Federal habeas courts "must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)" because

"[w]hen §2254(d) applies, the question is not whether counsel's actions were reasonable." Harrington v. Richter, 131 S. Ct. 770, 788 (2011). Instead, "the question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Strickland standard of review applies to ineffective assistance claims arising from the plea bargaining process. Hill v. Lockhart, 474 U.S. 52, 59 (1985). To "show prejudice from ineffective assistance of counsel where a plea offer . . . [was] rejected because of counsel's deficient performance," petitioners must show a "reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012); see also Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). Petitioners must also show "a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." Frye, 132 S. Ct. at 1409. Finally, a petitioner must show a "reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Id.

   *2. Discussion*

Petitioner claims in the remaining grounds of his Amended Petition (Grounds Two and Four) that his counsel was ineffective because he "put forth no professional advice" as to the prosecutor's offer to recommend concurrent, determinate 15-year sentences; inaccurately informed Petitioner that if he went to trial, his sentence could not exceed 18 years; and failed to investigate or discuss with Petitioner the possibility that he could be sentenced as a persistent felony offender. Am. Pet. at 5-6.

Petitioner raised these claims in his second motion under CPL § 440.10 ("440.10 Motion").

Dkt. No. 14, Ex. A at 11-25.[3]  On November 19, 2012, the trial court denied the motion, finding that Petitioner's "unsworn and unsubstantiated allegations are insufficient to support his contentions of ineffective assistance of counsel or raise a factual issue that requires a hearing." Dkt. No. 14, Ex. C at 49.  The court further ruled that Petitioner's claims were "spurious and completely without merit" because the court advised Petitioner "at least twice" of the possibility that he could be sentenced as a persistent felony offender.  Id.  The court also found that Petitioner's claim of ignorance was contradicted by his 440.10 motion, in which he acknowledged that the state had an opportunity to file a persistent felony offender statement seeking a life sentence, but declined to do so in exchange for Petitioner's original plea.  Id.  Because Petitioner had full knowledge of his maximum sentencing exposure when he originally pled guilty, and was advised again before opting for a jury trial upon remand, Petitioner's "rejection of the favorable terms of the proffered plea can not be attributed to defense counsel's representation." Id.  Finally, the trial court ruled that Petitioner's allegation that counsel was ineffective for not presenting mitigating evidence during the persistent felony offender hearing or at sentencing was insufficient to support his ineffectiveness claim, because Petitioner failed to include an affidavit of explanation from counsel and therefore did not show that, had counsel presented mitigating evidence, the outcome would have been different.  Id. at 50.  The Appellate Division denied leave to appeal the trial court's decision on April 2, 2013.  Dkt. No. 14, Exs. D and E at 52-65.

    The state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  Here, as the trial court found, Petitioner was advised several times of his sentencing exposure should he be convicted following a trial.  During a conference held

---

[3] The pagination corresponds to the page numbers assigned by ECF.

on June 12, 2008, regarding Petitioner's first 440 motion, Petitioner's counsel stated on the record that he discussed with Petitioner the plea offer of 15 years in prison, followed by five years of post-release supervision, if Petitioner would re-enter his plea. See Dkt. No. 12-2 at 291, 295-96. Counsel requested a one-week adjournment so that Petitioner could discuss the plea offer with his family. Id. at 291, 295. Petitioner ultimately rejected the offer. See id. at 300.

On August 4, 2008, during a hearing held regarding the People's motion for reconsideration of the trial court's decision vacating Petitioner's conviction, Petitioner rejected a second offer of 15 years in prison without post-release supervision. See id. at 308-09, 311, 315. The court advised Petitioner that his sentencing exposure was "up to 25 years, plus five years post-release supervision." Id. at 314. The court further told Petitioner that the "deal seems to be fair, perhaps even more than fair," and that the court would not "stand in the way of that if that's something you want to do." Id. at 314-15. Petitioner stated that he wanted to proceed and vacate his conviction despite his sentencing exposure, and that he fully understood the offer. Id. at 315, 325.

A bail hearing was held on August 21, 2008, and the prosecutor informed the court that Petitioner was eligible to be sentenced as a persistent felony offender, and faced a "possibility of 25 to life if he's convicted of another felony." Id. at 333. At an appearance on October 3, 2008, the court asked Petitioner if, assuming the prior plea offer was still available, he would consider accepting it. See id. at 343. Petitioner stated that his "main concern" was that there were two plea offers made in 2000 or 2001 for a sentence of between eight and fifteen years, he entered his original plea with that understanding, and was instead sentenced to serve eighteen years. Id. at 344. The court responded that if the case went to trial, Petitioner "could be looking [at] up to twenty-five years," and that the prosecutor's on-the-record offer was now fifteen years. Id. at 344-45. Petitioner

8

replied that he understood. Id. When Petitioner stated that he served eight years already, the court responded that "eight years in on a fifteen year bid is a lot better than eight years on a twenty-five year bid." Id. at 346. Petitioner replied: "Understood." Id. The trial court once again explained Petitioner's options:

> D.A.'s Office offered fifteen years, plus a period of post-release supervision of five so that gets [Petitioner] under control for twenty years or—that's option one. Or the other option was they are just willing to say, okay, you're going to get the benefit of the plea arrangement, what you think is different, but you're looking at eighteen years with no period of post-release supervision. That's option two. Option three is the Appellate Division affirms [the trial court's decision vacating Petitioner's original conviction], we come back, you have a new trial and you are looking at from anywhere from zero if you're not convicted to up to twenty-five years with five years post-release supervision.

Dkt. No. 12-2 at 349. The prosecutor told the court that he was unsure if the 15-year offer remained available, but that he would consult with the District Attorney if Petitioner was interested in accepting that offer. Id. at 351. Petitioner conferred with his counsel, and asked for additional time to consider the potential offer. Id. at 353. Petitioner's counsel also sought time to ascertain whether an unrelated Onondaga County sentence ran concurrently to Petitioner's Cayuga County sentence, in order to accurately explain to Petitioner his ultimate sentencing exposure. Id. at 353-56. The court stressed that the 15-year offer was contingent upon the prosecutor "putting that offer back on the table," and that if it was not, the court would not impose that 15-year sentence. Id. at 355-58.

The record therefore "significantly undermine[s] the credibility of Petitioner's claims" that counsel did not accurately discuss the plea and Petitioner's possible sentencing exposure with Petitioner. Johnson v. Breslin, No. 06-CV-505, 2009 WL 3111787, at *6 (E.D.N.Y. Sept. 28, 2009). As the state court found, Petitioner was sufficiently advised that he could be sentenced as a persistent felony offender, and that his sentencing exposure was up to twenty-five years to life.

9

Additionally, there were several off-the-record discussions between Petitioner and counsel regarding the plea, counsel told the court he discussed the plea with Petitioner, and counsel requested adjournments in order for Petitioner to consider the offers and for counsel to be certain of Petitioner's sentencing exposure.

Even if Petitioner could establish that counsel's performance was deficient, he has not shown a reasonable probability that he would have accepted any plea offer. See Frye, 132 S. Ct. at 1409. In fact, the record shows that Petitioner was disinclined to plead guilty, and instead intended to proceed to trial. Id.; see also Purdy v. United States, 208 F.3d 41, 45-46 (2d Cir. 2000) (finding that, despite defense counsel's decision to forgo explicitly telling his client whether he should accept a plea offer, defense counsel had "successfully steered a course between the Scylla of inadequate advice and the Charybdis of coercing a plea" by providing advice "within the range of professional reasonableness."). As the state court found, Petitioner's rejection of the plea offers cannot "be attributed to defense counsel's representation." Dkt. No. 14, Ex. C at 49.

Because the state court decision rejecting Petitioner's ineffective assistance of counsel claims was not contrary to or an unreasonable application of clearly established Supreme Court precedent, Grounds Two and Four of the amended petition are denied and dismissed.

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Amended Petition (Dkt. No. 20), is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant

to 28 U.S.C. § 2253(c)(2);[4] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      March 17, 2014
            Albany, NY

Lawrence E. Kahn
U.S. District Judge

---

[4] See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'").